UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARILYN R. FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VERSUS ) | CIVIL ACTION NO. _____ |
| ) | |
| JONATHAN WILLIAM HAFNER, M.D., ) | |
| and EAST TENNESSEE EAR, NOSE & ) | |
| THROAT SPECIALISTS, P.C., ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

### THE PARTIES

1. The plaintiff, Marilyn R. Foster, is a citizen and resident of Mountain Home, Arkansas.

2. The defendant, Jonathan William Hafner, M.D., hereinafter "Dr. Hafner," is a citizen and resident of Roane County, Tennessee.

3. The defendant, East Tennessee Ear, Nose, & Throat Specialists, P.C., hereinafter "ETENT," is a for-profit corporation organized in Tennessee with its principal place of business located at 800 Oak Ridge Turnpike, Suite C100, Oak Ridge, Tennessee.

4. At all times herein relevant, Dr. Hafner acted as the agent and/or apparent agent and/or employee of ETENT in regard to his surgery and treatment of Marilyn Foster and ETENT is therefore liable for the acts and omissions of Dr. Hafner in regard to his treatment of Marilyn Foster under the doctrine of *respondeat superior*.

5. At all times herein relevant, Dr. Hafner was a medical doctor authorized to practice medicine in the State of Tennessee and he specialized in the practice of otolaryngology.

## STATUTORY COMPLIANCE

6. The plaintiff complied with the requirements of *T.C.A. § 29-26-121(a)* in giving notice to the defendants more than 60 days before filing this complaint. The plaintiffs sent the notices required by the statute by certified mail return receipt requested on November 10, 2018, and the defendants each received notice on November 13, 2018. The affidavit of compliance, attached hereto as Exhibit "A," along with copies of the certificates of mailing, return receipts, and notices, confirms that notices were mailed in conformity with the statute.

7. A certificate of good faith is attached as part of this Complaint as Exhibit "B."

## JURISDICTION AND VENUE

8. This cause of action arises from the defendants' provision of health care to the plaintiff in Anderson County, Tennessee.

9. The plaintiff is a citizen and resident of Arkansas. She resides in Mountain Home, Arkansas.

10. The defendant, Dr. Hafner, is a citizen and resident of Tennessee.

11. The defendant, ETENT, is a corporation organized in Tennessee, and its sole principal place of business is located in Tennessee.

12. There is complete diversity of citizenship between the party plaintiff and the parties defendant in this action.

13. The amount in controversy in this matter exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

14. The federal district court has original jurisdiction over this matter pursuant to *28 U.S.C. § 1332(a)*.

15. The provision of health care from which this cause of action arises occurred in Anderson County, Tennessee, which is within the Northern Division of the United States District Court for the Eastern District of Tennessee at Knoxville.

16. Pursuant to *28 U.S.C. § 1391(b)(2)*, venue is proper in the United States District Court for the Eastern District of Tennessee, Northern Division at Knoxville.

FACTUAL BACKGROUND, NEGLIGENCE AND INJURIES

17. Plaintiff Marilyn Foster consulted Dr. Hafner with regard to a small herniation of her cervical esophagus. This type of herniation is called a "Zenker's diverticulum" by physicians.

18. Dr. Hafner recommended to Ms. Foster that she undergo an endoscopic surgical procedure to repair her Zenker's diverticulum.

19. Dr. Hafner held himself out to Marilyn Foster as a physician who was competent to perform this procedure.

20. On January 12, 2017, Marilyn Foster underwent a surgical procedure called a "rigid esophagoscopy" at Methodist Medical Center in Oak Ridge, Tennessee, for the repair of her Zenker's diverticulum.

21. Based on information provided by Dr. Hafner, she expected that it was likely that her total hospitalization required for this procedure would be less than 24 hours.

22. Dr. Hafner performed this procedure on Marilyn Foster.

23. During the procedure, Dr. Hafner measured the depth of the Zenker's diverticulum and documented that the depth was approximately 1.5 cm.

24. While doing the procedure, Dr. Hafner inserted rigid surgical instruments through Marilyn Foster's mouth and throat and into her esophagus.

25. Dr. Hafner used a GIA stapler in this procedure. Dr. Hafner, however, did not place a staple in "the lower 0.5 cm" of the Zenker's diverticulum. After closing the GIA stapler, Dr. Hafner divided the Zenker's diverticulum. Dr. Hafner then recognized that "a pocket" of the diverticulum remained. The pocket was approximately 0.5 cm in depth.

26. At that point, Dr. Hafner decided to use a Harmonic scalpel to divide this remaining pocket. In doing so, Dr. Hafner created or caused an opening or perforation in the esophagus.

27. Dr. Hafner did not recognize at the time that he had perforated Marilyn Foster's esophagus.

28. The applicable standard of acceptable professional practice ("the standard of care") required that Dr. Hafner recognize before he made a decision to perform surgery on Marilyn Foster that the small size of Marilyn Foster's Zenker's diverticulum made an attempted repair of the diverticulum using a "rigid esophagoscopy method" inappropriate because that surgery was unlikely to effectively resolve her swallowing difficulties due to inadequate cricopharyngeal myotomy. Dr. Hafner violated the standard of care by failing to recognize this and by failing to inform his patient in this regard and by performing this procedure.

29. The standard of care also required that Dr. Hafner recognize that the GIA stapler that he intended to use, and did use, during the Zenker's repair would leave the inferior or lower 0.5 cm of the diverticulum pocket in place after the closure and that any division of the esophagus below the lower staple would result in unreasonably high likelihood of perforation of the esophagus. Dr. Hafner was negligent in failing to recognize this prior to the procedure and in failing to provide this information to his patient and in failing to recommend that she either forego a surgical repair or undergo an open surgical procedure rather than a rigid esophagoscopy procedure.

30. The standard of care also required Dr. Hafner to administer the appropriate perioperative antibiotics for a surgical procedure that involved disruption of the upper aerodigestive mucosa. Such disruption significantly increased the likelihood of infection at the operative site and directly contributed to the development of mediastinitis in Marilyn Foster. Dr. Hafner did not do this.

31. After Marilyn Foster awoke from her anesthesia following the unsuccessful Zenker's diverticulum repair, she was taken to her room.

32. During the day following her surgery, Marilyn Foster's care providers recognized that her neck had become swollen. She was diagnosed with subcutaneous emphysema and she was transferred to the hospital's ICU. A CT scan was performed that demonstrated mediastinitis.

33. Perforation of her esophagus was suspected or presumed by Dr. Hafner.

34. In the early morning hours of January 14, 2018, Dr. Hafner took Marilyn Foster to the operating room for performance of an "open approach surgery" to the neck to drain fluid and remove infected tissue from Marilyn Foster's neck and to repair the perforation of the esophagus.

35. Dr. Hafner's attempt on January 14, 2018, to repair the initial esophageal perforation resulted in a second unintended, and larger perforation of the pharynx further compromising the patient's esophagus and pharynx.

36. In addition, during the second procedure the surgical drain was misplaced within the esophagus further aggravating the injury.

37. Dr. Hafner acted in violation of the applicable standards of care both in his performance of the initial procedure intended to repair Marilyn Foster's Zenker's diverticulum and in regard to the second procedure. As a result of the violations of the standards of care by Dr. Hafner, Marilyn Foster sustained an iatrogenic perforation of her esophagus on January 12, 2018, and an iatrogenic perforation of her pharynx on January 14, 2018.

38. As a result of the iatrogenic perforations, Marilyn Foster became and remained severely septic. She required IV antibiotics and placement of a gastrostomy tube for nutrition.

39. Marilyn Foster remained hospitalized in Oak Ridge until February 1, 2018, when Dr. Hafner transferred Marilyn Foster to Virginia Commonwealth University Medical Center in Richmond, Virginia, for continuing hospitalization and treatment.

40. Marilyn Foster remained at the VCU Medical Center until February 15, 2018, when she was returned to Tennessee for ongoing outpatient treatment. Her feeding tube was still in place at that time.

41. After Marilyn Foster's feeding tube was removed, she continued to require significant ongoing medical care and procedures as a result of the injuries related to the perforation of her esophagus. She will require such care and procedures for the rest of her life. Her esophagus was rendered partially immobile and constricted as a result of Dr. Hafner's negligence. She experiences pain and difficulty swallowing. She chokes and experiences sudden regurgitations. She must sleep in a "sit-up" position to avoid regurgitation during sleep. She requires daily medication.

42. Her injuries are permanent.

43. Marilyn Foster incurred substantial bills for the medical and surgical care and for the hospitalizations she required as a result of Dr. Hafner's negligence.

44. Marilyn Foster will require future care and will incur future costs as a result of Dr. Hafner's negligence.

*T.C.A. § 29-39-102*

45. The non-economic damages recoverable in this matter are in excess of seven hundred and fifty thousand and no/100ths ($750,000.00) dollars and the plaintiff is entitled to recover the full measure of those damages under the Constitution of the State of Tennessee despite *T.C.A. § 29-39-102*.

46. *T.C.A. § 29-39-102* is unconstitutional and void. The plaintiff is serving the Attorney General with the Complaint as required.

WHEREFORE, the plaintiff, Marilyn R. Foster, sues the defendants, Jonathan William Hafner, M.D., and East Tennessee Ear, Nose & Throat Specialists, P.C., for the sum of Three Million and no/100ths Dollars ($3,000,000.00).

MARILYN R. FOSTER

By: /S/ *Jon E. Jones*
Jon E. Jones, BPR #2848
LAW OFFICE OF JON E. JONES
345 S. Jefferson Avenue, Suite 400
Cookeville, TN 38503
(931) 372-8771 – phone
(931) 372-8992 – fax
Attorney for the Plaintiff