UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARILYN R. FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-CV-24-PLR-HBG |
| ) | |
| JONATHAN WILLIAM HAFNER, M.D., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Standing Order 13-02.

Now before the Court is Defendants' Petition for Qualified Protective Order Permitting Ex Parte Interviews with Treating Providers [Doc. 25]. Specifically, Defendants seek a Qualified Protective Order pursuant to Tennessee Code Annotated § 29-26-121(f). The Court held this Motion in abeyance pending the decision in *Willeford v. Klepper*, No. M2016-01491-SC-R11-CV, 2020 WL 977073 (Tenn. Feb. 28, 2020), wherein the Tennessee Supreme Court addressed the constitutionality of Tennessee Code Annotated § 29-26-121(f). The Tennessee Supreme Court in *Willeford* issued its ruling on February 28, 2020, and the parties filed supplemental briefs based on the ruling in *Willeford*. Accordingly, for the reasons explained below, the Court finds Defendants' Petition [**Doc. 25**] well taken, and the Court will enter [Doc. 25-1].

### I. POSITIONS OF THE PARTIES

Defendants seek a qualified protective order permitting ex parte interviews with Plaintiff's treating providers in accordance with Tennessee Code Annotated § 29-26-121(f). Defendants state that the Tennessee Supreme Court held § 121(f) constitutional as long as trial courts have the

discretion to enter the qualified protective order. Defendants request that the Court enter its Qualified Protective Order, which will allow Plaintiff's Tennessee, Arkansas, and Virginia doctors to voluntarily engage in ex parte interviews with Defendants. Defendants state that HIPAA does not preempt § 121(f) because the state statute is more stringent. Defendants state that the Court should grant the Qualified Protective Order requested by Defendants to ensure fundamental fairness to both parties.

Plaintiff responds that the *Willeford* opinion does not provide significant new guidance regarding the issue of whether HIPAA prohibits ex parte communications between defense attorneys and a plaintiff's treating physicians. Further, Plaintiff states that *Willeford* added another requirement to the statute—that is, defendants must demonstrate that the patient's non-discoverable health information will remain confidential if permission is granted to engage in ex parte interviews. Plaintiff argues that in *Willeford*, the Tennessee Supreme Court relied on Georgia's Supreme Court decision in *Baker v. Wellstar Health Sys., Inc.*, 703 S.E.2d 601, 605 (Ga. 2015) for guidance in placing appropriate conditions if the court decides to grant the petition. Plaintiff argues that Defendants do not articulate how "non-discoverable" health care information will remain confidential and that they do not disclose what health care information they consider to be discoverable. Plaintiff argues that a great majority of physicians in Tennessee, and many physicians in Arkansas and Virginia, are insured with State Volunteer Insurance Company. Plaintiff states that if defense counsel begins the interview with, "I have been retained by State Volunteer Insurance Company," this statement will evoke an instinct to "get on the side of the defendant physician." Plaintiff states that ex parte interviews give defense attorneys the opportunity to plant information in the mind of the treating medical provider. Further, Plaintiff argues that Virginia and Arkansas forbid health care practitioners from communicating ex parte

with their patient's adversary attorneys. Plaintiff states that the Court should require that the non-resident health care providers be advised that participating in ex parte communications may violate the laws of their state and that they should consult an attorney before deciding whether to volunteer to participate in the requested ex parte communications. Further, in the event the Court grants Defendants' Motion, Plaintiff requests nine additional limitations to the Qualified Protective Order.

## II.     ANALYSIS

Accordingly, the Court has considered the parties' positions as outlined above, and the Court hereby **GRANTS** Defendants' Petition [**Doc. 25**] and will enter the Qualified Protective Order [Doc. 25-1].

As the parties acknowledge, the Tennessee Supreme Court addressed whether Tennessee Code Annotated § 29-26-121(f) violates the separation of powers clause in the Tennessee Constitution. *Willeford,* 2020 WL 977073, at *1. In summary, the Court held that the statute "is unconstitutional as enacted, to the limited extent that it deprives trial courts of their inherent discretion over discovery." *Id.* at *1. The Court continued, however, that the statute could be elided to make it permissive and not mandatory upon trial courts, and therefore, the elided statute is constitutional. *Id.* Therefore, the statute allows "defendants to petition trial courts for qualified protective orders for ex parte interviews with non-party treating healthcare providers, but it leaves the manner of disposition of such petitions to the sound discretion of trial courts." *Id.* at *15. Further, defendants must demonstrate that plaintiff's non-discoverable health information will remain confidential if permission is granted to engage in ex parte interviews. *Id.* at *14.

In the instant matter, the Court finds that entry of the Qualified Protective Order is appropriate under Federal Rule of Civil Procedure 26(b) (parties may obtain non-privileged

3

discovery that is relevant and proportional to the needs of the case). Defendants have identified the list of physicians that they would like to interview, and Defendants have explained how each physician possesses relevant knowledge in this case. With respect to Plaintiff's concern regarding HIPAA, the Tennessee Supreme Court stated, "We note that subsection (f)(1)(C) addressees HIPAA requirements for protective orders under this section." *Willeford*, 2020 WL 977073, at *14. Plaintiff argues several of the physicians are located in Virginia and Arkansas and that under Virginia's and Arkansas's laws, ex parte interviews are not permitted. By entering the Qualified Protective Order, however, the Court is not requiring any physician to engage in ex parte interviews. In fact, the Qualified Protective Order specifically states that such interviews are voluntary. The Court further finds that it is not necessary to advise these physicians of the laws in their respective states as Plaintiff has requested.

Finally, in the event the Court grants Defendants' request, Plaintiff has proposed nine limitations to the Qualified Protective Order. *See* [Doc. 34 at 11-14]. The Court notes that several of these limitations are already included in Defendants' Qualified Protective Order. Further, the Court does not find that the treating physicians need to sign an acknowledgment, or be advised that they have no obligation to talk to defense counsel, or that Plaintiff does not wish her treating physicians to communicate with defense counsel. The Qualified Protective Order states that the interviews are voluntary. This is sufficient and fair to both sides as it leaves the decision whether to engage in ex parte interviews to the treating physicians' discretion without any party attempting to influence their decision. Plaintiff also requests that her counsel be allowed to attend defense counsel's interview, but this suggestion defeats the purpose of the Qualified Protective Order.[1]

---

[1] In *Willeford*, the Court noted that guidance to entering protective orders can be found in *Baker v. Wellstar Health Sys., Inc.*, 703 S.W. 2d 601, 605 (Ga. 2010). *Willeford*, 2020 WL 977073, at *14 n. 12. In *Baker*, the court noted that "the trial court should consider whether circumstances—including any evidence indicating that ex parte interviews have or are expected to

Further, Plaintiff proposes limitations on what defense counsel may state during the interviews. The Qualified Protective Order already provides that Defendants may discuss relevant information with the identified treating physicians. The Court finds further limitations would unduly restrict such interviews. As a final matter, and as stated in *Willeford*, Defendants **SHALL** ensure that Plaintiff's non-discoverable health information will remain confidential, despite Defendants' participation in the ex parte interviews.

## III. CONCLUSION

Accordingly, the Court finds Defendants' Petition for Qualified Protective Order Permitting Ex Parte Interviews with Treating Providers [**Doc. 25**] well taken, and it is **GRANTED**. The Court will enter [Doc. 25-1].

**IT IS SO ORDERED.**

ENTER:

/s/ Bruce Guyton
United States Magistrate Judge

---

stray beyond their proper bounds—warrant requiring defense counsel to provide the patient-plaintiff with prior notice, and the opportunity to appear at, scheduled interviews or, alternatively requiring the transcript of the interview by a court reporter at the patient-plaintiff's request." *Baker*, 703 S.W.2d at 605. There is no such evidence in this case.